United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES CASTON,<br><br>            Plaintiff,<br><br>      v.<br><br>TROY FINNER, et al.,<br><br>            Defendants. | Case No. 21-CV-06098-LHK<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

On August 9, 2021, Plaintiff Charles Caston ("Plaintiff") filed a complaint, an application to proceed in forma pauperis ("IFP application"), and a motion for a temporary restraining order. ECF Nos. 1–3. For the reasons below, the Court DISMISSES Plaintiff's complaint with prejudice for failure to prosecute and DENIES Plaintiff's motion for a temporary restraining order as moot.

Plaintiff's complaint names ten defendants: Troy Finner, Joe Biden, Donald Trump, Mark Zuckerberg, Prescilia Zuckerberg, Tilma Fertitta, Barbara Bush Coyne, George Bush Jr., Bill Clinton, and Hillary Clinton (collectively, "Defendants"). ECF No. 1 at 1. The complaint states that Defendants violated the Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution.

1

Case No. 21-CV-06098-LHK
ORDER DISMISSING COMPLAINT WITH PREJUDICE AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

On August 13, 2021, United States Magistrate Judge Nathanael M. Cousins issued an order denying Plaintiff's IFP application. ECF No. 7 at 1–2. Judge Cousins stated that Plaintiff could file a renewed IFP application or pay a filing fee by September 3, 2021. ECF No. 7 at 2.

In the same August 13, 2021 order, Judge Cousins screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(a) and ruled that the complaint does not satisfy Federal Rules of Civil Procedure 8 and 10. ECF No. 7 at 2–3. Specifically, Judge Cousins found that the complaint fails to state a basis for jurisdiction as required by Rule 8(a)(1); "lacks a short and plain statement of the claims" as required by Rule 8(a)(2); and does not contain a caption, separate allegations against each defendant, or numbered paragraphs as required by Rule 10. ECF No. 7 at 2–3. Judge Cousins granted Plaintiff leave to amend the complaint and set a deadline of September 3, 2021. ECF No. 7 at 3–4. However, Judge Cousins warned that Plaintiff's failure to "cure the deficiencies" by that date would result in "termination and dismissal of the complaint." *Id.* at 4.

On August 23, 2021, Plaintiff filed a notice stating that he would not consent to magistrate judge jurisdiction. ECF No. 8. Thus, on August 24, 2021, the Clerk reassigned the instant case to this Court. ECF No. 11.

Plaintiff failed to submit a renewed IFP application, to pay a filing fee, or to file an amended complaint by the September 3, 2021 deadline. Indeed, Plaintiff has not submitted a renewed IFP application, paid a filing fee, or filed an amended complaint as of the date of this order, which is three months after the September 3, 2021 deadline.

A district court has discretion to dismiss a matter for failure to prosecute. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). Indeed, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). When determining whether to dismiss a matter for failure to prosecute, five factors are relevant: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Courts typically review the first two factors in conjunction with one another "to determine if there is unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

The Court finds that dismissal is justified by Plaintiff's unreasonable delay in meeting the basic requirements of filing a civil lawsuit. Judge Cousins found that Plaintiff did not establish a right to proceed IFP, that Plaintiff did not pay a filing fee, and that Plaintiff's complaint did not satisfy Federal Rules of Civil Procedure 8 and 10. *See generally* ECF No. 7. Although Judge Cousins gave Plaintiffs an opportunity to cure these deficiencies, Plaintiff failed to submit a renewed IFP application, to pay a filing fee, or to file an amended complaint by the September 3, 2021 deadline. Indeed, Plaintiff has not submitted a renewed IFP application, paid a filing fee, or filed an amended complaint in the three months since the September 3, 2021 deadline. Because Plaintiff filed the instant case nearly four months ago, the Court finds that Plaintiff's failure to meet these basic requirements constitutes unreasonable delay.

None of the other relevant factors weigh in favor of Plaintiff. Although public policy favors disposing of cases on the merits, Judge Cousins previously found that the complaint "lacks a short and plain statement of the claims." ECF No. 7 at 2. Because Plaintiff has failed to cure that deficiency, it is unclear what Plaintiff's claims are, let alone whether there would be any benefit to resolving Plaintiff's claims on the merits. Moreover, because Judge Cousins warned Plaintiff that failure to meet the September 3, 2021 deadline would likely result in dismissal, the Court need not consider "less drastic sanctions." *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) ("[W]arning a [party] that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement.").

Thus, the Court DISMISSES Plaintiff's complaint with prejudice. The Court DENIES Plaintiff's motion for a temporary restraining order as moot.

**IT IS SO ORDERED.**

3

Case No. 21-CV-06098-LHK
ORDER DISMISSING COMPLAINT WITH PREJUDICE AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Dated: December 3, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge